IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANYTIME FITNESS, LLC,

               Plaintiff,

v.

JEFFREY JOSEPH STEWART, II,
JERRY MARTIN, and DACULA
EXPRESS FITNESS, INC.,

               Defendants.

1:15-cv-4306-WSD

## OPINION AND ORDER

On December 11, 2015, Anytime Fitness, LLC ("Plaintiff") filed its Complaint [1] against Defendants Jeffrey Joseph Stewart, II, Jerry Martin, and Dacula Express Fitness, Inc. (together, "Defendants").

Plaintiff's Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire

into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case Plaintiff's Complaint raises only questions of state law, and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

The Complaint does not adequately allege the parties' citizenship. The Complaint states that Defendants Jeffrey Stewart and Jerry Martin are "individual[s] residing" in Georgia. (Compl. ¶¶ 2-3). These allegations are insufficient, because "[r]esidence alone is not enough" to show citizenship. Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United

States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).[1]

The Complaint also fails to allege Plaintiff's citizenship. The Complaint alleges that Plaintiff "is a limited liability company organized under the laws of Minnesota, with its principal place of business" in Minnesota.  (Compl. ¶ 1).  A limited liability company is a citizen of any state of which one of its members is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.

The Court requires further information regarding the parties' citizenship. Accordingly, Plaintiff is required to file an Amended Complaint stating the citizenships of Plaintiff, Jeffrey Stewart and Jerry Martin.  The Court is required to dismiss this action unless Plaintiff files an Amended Complaint alleging sufficient

---

[1] The Complaint later asserts that "Defendants are each citizens of Georgia" and that each Defendant is "domiciled within the Northern District of Georgia and are citizens of the State of Georgia."  (Compl. ¶¶ 5-6).  To resolve any ambiguity, Plaintiff must amend its Complaint to state explicitly the citizenship of Defendants Stewart and Martin.

facts to show the Court's jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff must file an Amended Complaint, on or before January 15, 2016, that alleges the citizenship of the parties.

**SO ORDERED** this 29th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE